IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,796-01






EX PARTE WILLIE RODRIGUEZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005-409.010-A IN THE 140TH DISTRICT COURT


FROM LUBBOCK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
indecency with a child by contact and sentenced to twenty years' imprisonment. The Seventh Court
of Appeals affirmed his conviction. Rodriguez v. State, No. 07-06-0102-CR (Tex. App. - Amarillo,
February 22, 2007, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance before
trial by failing to investigate relevant punishment evidence before he assured Applicant that counsel
could obtain probation for him and advised Applicant to reject a plea offer of ten years' confinement. 
 Applicant also contends that his trial counsel rendered ineffective assistance because the State
presented evidence of several offenses on unspecified dates but counsel failed to request an election. 
Applicant also contends that counsel failed to investigate and interview members of Applicant's
family who would have testified that Applicant's father was abusive to him and his siblings and had
exposed Applicant to sexual abuse directed at his sisters. Applicant asserts that this information
would have been mitigating at punishment and helpful to the defense expert who testified at
punishment.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Phillips v. State, 193 S.W.3d 904 (Tex. Crim. App. 2006). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection
and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.




Filed: May 21, 2008

Do not publish